Matoy, J.
 

 The measure of damages laid down by the 'Court below, is, upon the case stated, erroneous. The case of
 
 The State ex rel. Wood
 
 v.
 
 Skinner,
 
 3 Ired. 564, is an authority in point. Upon the reasoning in that case, with which we are entirely satisfied, the relator, in the suit before us, is ■entitled to nominal damages only. Where the debt is not lost by the officer’s negligence, the relator is not entitled, by reason of that negligence to recover the amount of the debt, .and when he does not .show any actual injury thereby sustained, he is entitled only to the damages which the law infers without proof, viz., nominal damages. The act of 1844, embodied in the Revised Code., chap. 78, section 3, alters the rule of damages declared in
 
 Wood
 
 v.
 
 Skinner,
 
 in respect to a certain class of official negligences, and is restricted to that •class. ,The Statute provides that “ when a claim shall be .placed in the hands of any sheriff or .constable for collection,
 
 *93
 
 and he shall not use due diligence in collecting, the same, he-shall be liable for the full amount of the claim,, notwithstanding the debtor may have been at all times, and-' is then able to pay the amount thereof.” This, manifestly, applies to those claims for debt within the jurisdiction of a justice of the peace, with the collection of which, officers were then entrusted, and the penalty here provided was added in that class-of cases, probably, upon the suggestion made in the opinion' in the case above referred to, where it is intimated that some ■ additional penalty might be required to secure official diligence in the collection of debts-within the then, greatly extended jurisdiction of a justice of the peace.. The statute was-not intended to apply to claims collected by process upon, judgments in. a court of recordy the speedy eollection of these-being already ensured by sufficient guards and penalties.— These latter are not claims put into the sheriffi’s hands for collection within the purview of. the statute, but are writs or processes upon which execution, is to be done and-official returns-thereof made;
 

 We think, therefore, that the authority of the case of
 
 Wood
 
 v. Skinner, stands — is applicable to the case- before us, and. disposes of it..
 

 Pee Curiam,
 
 Venire de novo.